(No. 75-CV-33–)

Judy L. Schwartz, Claimant, vs. State of Illinois, Respondent.

*Opinion filed March 27, 1975.*

Angelos & Angelos, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 6, 1973, at 2150 West Crescent, Park Ridge, Illinois. Judy L. Schwartz seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Judy L. Schwartz was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-4).

2. That on the afternoon of December 6, 1973, the claimant had returned home from work and was opening her mail box when she was struck from behind with a large instrument. The claimant was dragged into the apartment of a neighbor, Stephen Talbett, of 2150 West Crescent, Park Ridge, Illinois. Mr. Talbett called the police.

3. That Stephen Talbett admitted to the police that he heard the claimant at her mailbox, that he came up behind her and struck her with a machete, that she began bleeding and he dragged her to his apartment, where he called the police. Talbett stated that he had heard that the claimant had turned in some of his friends on a narcotic arrest and that he wanted to get her for it. A machete with a dried red stain was found in Talbett's apartment. Steve Talbet was charged with the aggravated battery of the claimant. He will appear before Judge Fitzgerald on March 31, 1975. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

4. That statements taken by the police shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

5. That the claimant and her assailant were not related nor sharing the same household.

6. That the claimant was taken to Resurrection Hospital where she was treated for a depressed parietal skull fracture, multiple lacerations and cerebral concussion. The claimant incurred the following expenses:

| | |
|---|---|
| Hospital | $1,761.60 |
| Doctors | 901.00 |
| | $2,662.60 |

7. That as the result of her injuries the claimant was unable to work from December 6, 1973, to February 15, 1974. The claimant's average monthly earnings was $600.00 per month which is greater than the statutory

maximum. That in accordance with the Act, the maximum amount of compensation for loss of earnings that this Court can grant is $1,158.00.

8. That benefits in the amount of $2,584.03 were paid to the claimant by the Seaboard Life Insurance Company.

9. That in determining the amount of compensation to which a claimant is entitled, §7(d) of the Act states that this court—

"(d) . . . shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00, plus the insurance benefits of $2,584.03, the amount of compensation to which the claimant is entitled is $1,036.57.

IT IS HEREBY ORDERED that the sum of $1,036.57 be awarded the claimant, Judy L. Schwartz, the victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINTY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the Court of Claims Fund to Judy L. Schwartz, as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $36.58 be referred forthwith to the General Assembly for its approval.